[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE
The plaintiff Mario Federici of Weston, Conn. has brought this action against Howard and Gail Marmer Gans, also of Weston, Conn. in seven counts. On September 8, 1998, the jury returned a verdict in favor of the plaintiff on four of the seven counts, namely, count one alleging a written agreement to indemnity; count two, alleging an oral agreement to indemnity; count three alleging a common law obligation to indemnity; and count six, alleging a violation of the Connecticut Unfair Trade Practice Act (CUTPA).
In addition, by direction of the court, the jury returned a verdict in favor of the defendant, Gail Gans.
The defendant, Howard Gans, now files a motion to set the verdict aside on three grounds:
1. The court erred in instructing the jury in the choice of law with regard to the sixth (CUTPA) count.
2. The court erred in instructing the jury to disregard the "gross negligence" clause on the indemnity agreement.
3. The court erred in allowing the plaintiff to present testimony after both sides rested.
Additionally, the plaintiff has filed to set aside the court's decision to direct a verdict in favor of Gail Gans.
Some background information will assist in understanding the jury's verdict. CT Page 266
The plaintiff had been engaged in the fashion industry for some thirty years. The parties met in 1984 and thereafter socialized to some extent. In November of 1984, the defendant, Howard Gans, approached the plaintiff and asked that they associate in the business of producing sportswear apparel in a new corporation to be known as the Chipper Manufacturing Corporation, in which the plaintiff was to be the president and Gail Gans the treasurer. As treasurer, Gail Gans signed a book full of checks in blank and gave them to her husband, Howard, apparently for the purpose of having Howard pay obligations of the Chipper Manufacturing Corporation. In January, 1991, the plaintiff received a notice from the IRS that taxes for a number of years had not been paid. When the plaintiff approached Howard Gans, the response from Howard was, "I have no money". Apparently Howard Gans had diverted moneys from the Chipper account to other in enterprises of his own. Ultimately, the IRS placed a lien on the plaintiff's home and he paid a total of $81,286.73 to obtain a release of such lien. In the meantime, the services of a factor was obtained so that Chipper Manufacturing Corporation could obtain credit from a supplier of fabrics. The backer required a guarantee of personal liability from Chipper and Howard Gans requested that as president of Chipper, Federici execute such guarantee.
In the first claim, seeking to set the verdict aside, the defendant argues that the court erred in charging on the CUTPA claim (count 6) in that New York law should have governed.
In considering this claim, the Restatement (second) conflict of Law, sec. 145(2)198, sets forth the factors to be considered in evaluating this issue as follows:
(a) the place where the injury occurred
(b) the place where the conduct causing the injury occurred
(c) the domicile, residence, nationality, place of business of the parties
(d) the place where the relationship, if any, between the parties is centered.
As is pointed out in the plaintiff's first request to charge a CUTPA claim may also be maintained where there is a CT Page 267 sufficient showing that the economic impact of the unfair trade practice occurred in Connecticut. Uniroyal Chemicals Co. Inc. v.Drexel Chemical Co., Inc., 931 F. Sup. 132. Additionally to be considered based on the evidence, the parties lived, met and agreed to the terms of their business arrangement in Connecticut; the Chipper Manufacturing bank accounts were with Connecticut banks, such as The Bank of Darien and Westport Bank; checks were signed in Connecticut by Gail Gans; the parties drove together, to and from work from Connecticut; the plaintiff's home was liened in Connecticut; and that the payment of the penalty as well as enforcement activity was handled by the Connecticut office of the IRS.
The second claim in the motion to set aside the verdict against Howard Gans involved the claim of error in the Court's failure to charge on gross negligence contrary to the language of the contract. This claim involved the written guarantee of indemnification signed by Howard Gans on July 19, 1988. The defendant's claim arises out of the last paragraph of the agreement which reads: "This indemnification shall not extend to any liability that may arise as a result of Mario Federici's fraud, gross negligence or neglect". Apart from the fact that there was no evidence supporting a claim of gross negligence on the part of the plaintiff in failing to pay Chipper's revenue taxes, the court refused to charge as gross negligence because this should have properly been a matter of a special affirmative defense which was not filed.
The defendant's final claim is that the court erred in allowing plaintiff to present evidence after both sides had rested. This claim refers to the testimony of one, Fred Jorge, who testified that the had been liened by the IRS. The short answer to this claim is that it is directed at the courts discretionary power. Under P.B. 15-5(a)(b), the court has the discretion for cause to permit a party to present evidence not of a rebuttal nature.
The defendant's motion to set aside the verdict is denied.
The plaintiff has filed a motion to set aside the court's direction to render a verdict in favor of the defendant Gail Gans. The only evidence connecting her to the case involved her signing a large number of checks at the direction of her husband, Howard. The court can recall no evidence that she knew that the purpose was to direct funds from the Chipper account to her CT Page 268 husband's other ventures.
The plaintiff's motion to set aside the verdict in favor of Gail Gans is denied.
BELINKIE, J.T.R.